IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL TRIMBLE**, <br><br> Plaintiff <br><br> v. <br><br> **THE KROGER CO. and ELWOOD STAFFING SERVICES, INC.**, <br><br> Defendants. | Case No. 3:17-cv-230 <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

In February 2017, Plaintiff filed a complaint against Defendants alleging violations of the Americans with Disabilities Act and Oregon disability law. ECF 1. On September 1, 2017, Plaintiff filed his acceptance of Defendants' offer of judgment in the amount of $101,000, which included a provision for "reasonable attorney's fees and costs incurred in presenting this action." ECF 19. Plaintiff now moves for an award of $21,077.50 in attorney's fees and $1,286.97 in costs and expenses. ECF 25. Defendant Kroger filed a response (ECF 31), objecting only to the hourly rate for Attorney Daniel Snyder ("Mr. Snyder"), one of the two attorneys for whom Plaintiff requests fees, on the basis that the proposed rate is not reasonable. The Court finds that the requested attorney's fees are reasonable.

Plaintiff is entitled to recover his attorney fees, expenses and costs pursuant to the fee shifting provisions of the Americans with Disabilities Act, 42 U.S.C. § 12205. A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).[1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)).

Cir. 2013). Defendants do not contest the reasonableness of the number of hours billed by Plaintiffs' attorneys.

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.'" *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.*

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful, albeit somewhat outdated, survey is the Oregon State Bar 2012 Economic Survey (" Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (last visited on December 15, 2017). So long as attorneys address the OSB 2012 Survey in their fee petitions, and provide justification for requesting hourly higher than those reported by the Survey, "Attorneys may argue for higher rates based on inflation, specialty, or any number of other

factors." U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, *available at* http://www.ord.uscourts.gov/index.php/court-policies-517/fee-petitions (last updated March 2, 2017).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar calculation.[2] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

Plaintiff requests $16,155.00 in fees for the work of Mr. Snyder , reflecting an hourly rate of $450.00 per hour for 39.5 hours. According to the OSB 2012 Survey, a $400.00 hourly rate for an attorney in private practice with over 30 years of experience is in the 75th percentile of

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

rates in Portland. A $500.00 hourly rate for the same lawyer is in the 95th percentile. Mr. Snyder has been practicing law in Portland, Oregon for approximately thirty-eight years. ECF 26 (Decl. Daniel Snyder) ¶¶ 2-3. After working as a prosecutor, and then an attorney for the City of Portland for several years, Mr. Snyder has predominately practiced civil rights and employment law. *Id.* ¶¶ 5-6. Mr. Snyder 's hourly rate was $350 per hour for many years. *Id* ¶ 13. He was awarded attorney fees at this rate in federal district court three times from 2011 through 2012. *Id.* In 2014, he increased his rate to $400 per hour to adjust for inflation and to better reflect his skills and experience. *Id.* at ¶ 14. He was twice awarded attorney fees in federal district court at this rate in 2015. *Id.*

Defendant objects that Plaintiff has not sufficiently justified being paid at a rate above the 75th percentile for Portland, and argues that an hourly rate of $400, is an "appropriate and reasonable rate." Defendant notes that per the OSB 2012 Survey, the median rate for an attorney with 30 years' experience is only $350 per hour, and Defendant's own counsel with similar litigation experience billed $315 per hour to $385 per hour in defending the case at hand. ECF 32 ¶¶ 3-5.

As noted above, the OSB 2012 Survey is outdated. Five years have elapsed since the data in that survey was published. Two years ago, courts in this district found that Mr. Snyder 's skill and experience justified hourly rates in the 75th percentile in employment cases similar to this one. Plaintiff argues in his reply brief (ECF 33) that in the five years between the OSB 2007 Survey and the OSB 2012 Survey, the 75th percentile hourly rate increased from $350 in 2007 to $400 in 2012, reflecting an increase of over 14%. *See* ECF 34-1 (OSB 2007 Survey Excerpt) at 4. A similar percentage increase in the 75th percentile rates between 2012 and 2017 would result in a 2017 75th percentile rate of $457.00—a rate $7.00 higher than that requested by Plaintiff for

Mr. Snyder . Although this methodology does not produce a perfectly reliable estimate of the "prevailing market rates in the relevant community," it does lend support to Plaintiff's inflation-based argument for an hourly rate at the higher end of the spectrum of fees described in the OSB 2012 Survey. Plaintiff has persuasively argued that inflation and Mr. Snyder 's further accrued experience justify a reasonable increase in his hourly rate.

The Court has reviewed the fee petition and its supporting documents and has considered the quality of the performance by Plaintiff's counsel, the results obtained, the novelty and complexity of this case, and the special skill and experience of counsel. Based on these considerations, the Court finds that the requested hourly rates and the hours spent are reasonable. Accordingly, the Court calculates the lodestar as follows:

Mr. Snyder : 35.9 hours x $450.00 per hour = $ 16,155.00

Mr. Burgess: 17.9 hours x $275.00 per hour[3] = $4,922.50

Thus, the total lodestar amount is $21,077.50. Defendant does not object to Plaintiff's request for $1,286.97 in costs and expenses and the Court finds the request reasonable. The Court also has considered the facts and circumstances of this case and does not find that it is a rare or exceptional case requiring an adjustment to the lodestar. The relevant reasonableness factors were adequately taken into account in calculating the lodestar.

Plaintiff's motion for attorney fees and costs (ECF 25) is GRANTED. Plaintiff is awarded $1,286.97 in costs, and Plaintiff's counsel is awarded $21,077.50 in attorney's fees and expenses.

**IT IS SO ORDERED.**

DATED this 15th day of December, 2017.

---

[3] Defendant did not object to Mr. Burgess's hourly rate, and the Court finds it to be reasonable.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge